**Joseph Bakhos Esq,**
**State Bar Number: 327036**
17221 E. 17th St., Ste #F
Santa Ana, CA 92705
Telephone: [714]-617-5868
Email Address: jbakhoslaw@yahoo.com
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PAUL GONZALES,<br><br>         Plaintiff,<br><br>vs.<br><br>NAVARROS TAQUERIA, a business entity; RIGOBERTO NAVARRO, an individual; BENJAMIN PENALOZA, an individual,<br><br>         Defendants, | Case No.: 8:21-cv-00854-MEMF-DFM<br><br>**MOTION FOR ENTRY**<br>**OF DEFAULT JUDGMENT BY COURT**<br>**AGAINST:**<br><br>RIGOBERTO NAVARRO<br>BENJAMIN PENALOZA<br><br>**[Fed.RulesCiv.P. Rule 55(b)]**<br>**Date: 10/06/2022**<br>**Time: 10:00a.m.**<br>**Judge: The Honorable Judge Maame Ewusi-Mensah Frimpong** |

TO THE JUDGE OF THE UNITED STATES DISTRICT COURT:

As provided by Rule 55 of the Federal Rules of Civil Procedure, plaintiff RUBEN PAUL GONZALES, an individual, requests that the court enter the default judgment against the following defendants for failure to plead or otherwise defend against this action in a timely manner:

RIGOBERTO NAVARRO
BENJAMIN PENALOZA

The above-named defendants have failed to answer, plead or otherwise respond to this complaint by the plaintiff.

1

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**

Accordingly, on 09-01-2021 the clerk of the court entered a default as to each of the above-mentioned defendants. Judicial notice of this default by clerk per Rule 55(a) of the Federal Rules of Civil Procedure is requested per Rule 201 of the Federal Rules of Evidence.

The plaintiff now applies for a default judgment by the court against all of the abovementioned defendants, jointly and severally.

This request for default judgment is based on the attached supporting declaration(s), the memorandum of points and authorities, and on such other oral or written evidence as may be required.

Dated: 08-18-2022

Joseph Bakhos
Attorney for Plaintiff

2

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants own, operate, lease and offer a place of public accommodation, namely, an auto store to the general public. Under the Americans with Disabilities Act (ADA), it is an act of discrimination for any person(s) who owns, leases (or leases to), or operates a place of public accommodation to deny the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the Americans with Disabilities Act Accessibility Guidelines "ADAAG", found at 28 C.F.R., Part 36, Appendix D.

c. A failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection in accordance with

3

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT

standards set forth or incorporated by reference in regulations issued under this subchapter. 42 U.S.C. § 12183(a)(i).

d. With respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility, or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains servicing the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General). 42 U.S.C. § 12183(a)(ii).

Pursuant to 28 C.F.R., Part 36, § 4.1.2 (Accessible Sites and Exterior Facilities: New Construction) and § 4.1.6 (Alterations; Parking and Passenger Loading Zones), a business or privately owned facility that provides goods or services to the public has an obligation to remove barriers to access in existing parking lots when readily achievable. Restriping accessible parking spaces and erecting necessary signs is relatively inexpensive and is, therefore, readily accessible to NAVARROS TAQUERIA, who have dominion and control of the parking lot spaces and,

4

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**

therefore, restriping a van access space and placing visible handicap signs would be readily achievable and necessary to prevent or cure a violation of the Americans with Disabilities Act [ADA]. Defendants have failed to meet these requirements and, therefore, violate the ADA and discriminate against disabled patrons.

Defendants are persons who own, operate, lease or lease to a place of public accommodation. Defendants are required to avoid discrimination and have specific duties to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines (ADAAG); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet these obligations.

Plaintiff therefore requests that this honorable court order the defendants to correct the code violations, namely, a) put in a fully compliant handicap parking space, including a proper sign, and including proper van access striping.

Plaintiff also requests that the court impose a monetary penalty against the defendants, and each of them, liable jointly and severally, in the maximum amount authorized by the relevant laws, at least $4000.00, plus costs of $600 and reasonable attorney's fees of $3,000.00, for a total of $7,600.00, payable to the plaintiff.

Dated: 08-18-2022

Joseph Bakhos
Attorney for Plaintiff

5

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT

1  **Joseph Bakhos Esq,**
2  **State Bar Number: 327036**
   17221 E. 17th St., Ste #F
3  Santa Ana, CA 92705
   Telephone: [714]-617-5868
4  Email Address: jbakhoslaw@yahoo.com

5  **Attorney for Plaintiff**

6

7

8              UNITED STATES DISTRICT COURT
9
10            CENTRAL DISTRICT OF CALIFORNIA

11  RUBEN PAUL GONZALES,                    **Case No.: 8:21-cv-00854-MEMF-DFM**
12              Plaintiff,
13  vs.
14                                          **DECLARATION OF RUBEN PAUL**
    NAVARROS TAQUERIA, a business entity;   **GONZALES IN SUPPORT OF MOTION**
15  RIGOBERTO NAVARRO, an individual;       **FOR DEFAULT JUDGMENT**
    BENJAMIN PENALOZA, an individual,
16
17              Defendants
18

19

20      I, RUBEN PAUL GONZALES, declare under penalty of perjury, pursuant to 28 U.S.C.

21  §1746, that the following statements are true and correct:

22      I am the Plaintiff in this case and I have personal knowledge of the matters stated in this

23  declaration.

24  //

25

26

27                                    6

28  APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT

This Declaration is being submitted in support of my Motion for Default Judgment by this Court against Defendants RIGOBERTO NAVARRO, an individual; BENJAMIN PENALOZA, an individual, ("Defendants")

## Defendant RIGOBERTO NAVARRO

The above-named defendant has failed to answer, plead or otherwise respond to this complaint by Plaintiff.

Accordingly, on 09-01-2021 the clerk of the court entered a default as to the abovementioned defendant. Judicial notice of this default by clerk per Rule 55(a) of the Federal Rules of Civil Procedure is requested per Rule 201 of the Federal Rules of Evidence.

The Plaintiff now applies for a default judgment by the court against the abovementioned defendant.

This defendant is not an infant or incompetent person. To the best of my knowledge, the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply. Plaintiff will serve a notice of this motion on the defaulting party.

This request for default judgment is based on the attached supporting declaration(s), the memorandum of points and authorities, and on such other oral or written evidence as may be required.

## Defendant BENJAMIN PENALOZA

The above-named defendant has failed to answer, plead or otherwise respond to this complaint by Plaintiff.

7

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT

Accordingly, on 09-01-2021 the clerk of the court entered a default as to the abovementioned defendant. Judicial notice of this default by clerk per Rule 55(a) of the Federal Rules of Civil Procedure is requested per Rule 201 of the Federal Rules of Evidence.

This defendant is not an infant or incompetent person. To the best of my knowledge, the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply. Plaintiff will serve a notice of this motion on the defaulting party.

This request for default judgment is based on the attached supporting declaration(s), the memorandum of points and authorities, and on such other oral or written evidence as may be required.

I, Plaintiff, now apply for a default judgment by the court against the abovementioned defendant.

Dated: 08/18/2022

/s/ Ruben Paul Gonzales
RUBEN PAUL GONZALES
Plaintiff

8

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**

## PROOF OF SERVICE BY FIRST CLASS MAIL—CIVIL

1. I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: 17221 E. 17th St. STE #F, Santa Ana, CA 92705

3. On 08/18/2022, I mailed from Santa Ana, California the following documents:

   **1) PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT**

[_] The documents are listed in the Attachment to Proof of Service by First-Class Mail—Civil (Documents Served) (Form POS-030(D).)

4. I served the documents by enclosing them in an envelope and:

   a. **[X] placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:

   RIGOBERTO NAVARRO
   1535 S Standard Ave.
   Santa Ana, CA 92707

   BENJAMIN PENALOZA
   1535 S Standard Ave.
   Santa Ana, CA 92707

[ ] The name and address of each person to whom I mailed the documents is listed in the Attachment to Proof of Service by First-Class Mail—Civil (Persons Served) [Form POS-030(P).]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 08/18/2022

_____Joseph Bakhos, Esq._____                    _____
        Printed Name                                              Signed

9

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**